CARROLL, Judge.
This appeal, by the plaintiffs below, is from a judgment entered against plaintiffs on an injunction bond. The plaintiffs sued the appellee Bal Harbour Village seeking temporary and permanent injunctions to restrain the village relating to certain taxicab permits. A temporary or preliminary injunction was granted after notice and hearing. Thereby the village was manda-torily enjoined, until further order of the court, to issue permits in specified numbers to the plaintiff taxicab companies. The order granted leave to AAA Auto Leasing, Inc., d/b/a White Cab, to intervene as a party defendant, and directed the interve-nor to surrender to the defendant village the permits which it had received. Plaintiffs were required by the trial court to file an injunction bond payable to the defendants “conditioned as required by law.” The defendants appealed from the order granting the temporary injunction. This court affirmed the order on the ground that no abuse of discretion was shown. AAA Auto Leasing, Inc. v. Morse Taxi and Baggage Transfer, 204 So.2d 902.
Upon final hearing the plaintiffs submitted the evidence which had been presented at the prior hearing on plaintiffs’ application for the temporary injunction, and then rested. Thereupon the defendants moved for involuntary dismissal. The trial court granted defendants’ motion, and entered final judgment for the defendants dismissing the cause with prejudice, reserving jurisdiction “for the purpose of assessing damages in connection with the temporary injunction.” In dismissing the cause upon final hearing, the trial court concluded that while the evidence submitted had been sufficient upon which to enter a temporary injunction at the outset of the case, such evidence was insufficient to entitle the plaintiffs to judgment on the merits and a permanent injunction.
Upon further hearing the trial court entered the order now on appeal. Therein the court, on holding the temporary injunction had been wrongfully issued and that the defendants had suffered damages thereby, granted judgment against the plaintiffs for $1,000 (attorney fees) in fa *179 vor of the defendant village and for $4,937 (which included $1,000 attorney fees) in favor of the intervenor defendant AAA Auto Leasing, Inc.
The determinative question on this appeal is whether rendition of judgment for the defendants and dismissal of the cause on final hearing entitled the defendants to recover damages on the injunction bond. In contending against liability on the bond, the appellants argue that because the temporary injunction was not dissolved during the pendency of the cause and was affirmed on appeal therefrom, the entry of judgment in favor of the defendants on final hearing could not be a basis for holding the injunction was improvidently issued. The appellee-defendants argue that the affirmance of the temporary injunction determined only that a proper showing had been made therefor at the time it was applied for, and that the final judgment denying a permanent injunction and dismissing the cause on the merits amounts to an ultimate determination that the injunction for which the bond was posted was improvidently entered, resulting in liability on the bond. We hold that the latter argument, by the appellees, is correct. Where a plaintiff is unable to maintain his cause or obtain the relief sought therein, incident to which he may have made a sufficient showing for the entry of a temporary or preliminary injunction, the damages occasioned thereby to the defendant who is successful on final hearing are properly recoverable on an injunction bond. Sewell v. Huffstetler, 83 Fla. 629, 93 So. 162; National Surety Co. v. Willys-Overland, Inc., 103 Fla. 738, 138 So. 24.
The appellants contend that the damages awarded to the defendant AAA Auto Leasing, Inc. (in addition to attorney fees) were not based on competent evidence and were dependent upon speculation. We find that contention to be without meriti Inspection of the record reveals that the award of damages was based on competent substantial evidence.
Affirmed.