LEHAN, Judge.
Defendants, against whom a temporary injunction was issued and then dissolved, appeal from the trial court’s dismissal of their claim for damages for the wrongful issuance of the injunction. We reverse.
The temporary injunction was dissolved by the trial court because the cause of action forming the basis for the lawsuit in which the temporary injunction was issued was subject to arbitration. Thereafter that cause of action was arbitrated, an arbitration award was entered against appellee, and the award was satisfied. We cannot agree with the trial court that defendants’ claim for wrongful issuance of the temporary injunction had thereby been resolved.
City of Gainesville v. Island Creek Coal Sales Co., 618 F.Supp. 513 (N.D.Fla.1984), upon which appellee relies as holding to the effect that a completed arbitration proceeding precludes subsequent litigation involving the matter arbitrated, is distinguishable. In that case it was determined that all matters “necessary to the judgment of the arbitration panel” were deemed resolved by the arbitration. Id. at 518. On the other hand, in this case the matter of defendants’ claim for wrongful issuance of the injunction was not necessary to the judgment of the arbitration panel. Indeed, we understand from the responses to our inquiry at oral argument that the arbitrators refused to receive particular evidence offered regarding damages from the issuance of the injunction and stated that it was defendant’s prerogative to go back to the trial court with the claim for those damages.
Matters not arbitrated and not permitted to be submitted to arbitration are not resolved by the arbitration. See Deeb v. Board of Public Instruction, 208 So.2d 460 (Fla. 1st DCA 1968).
REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT HEREWITH.
SCHEB, A.C.J., and HALL, J., concur.