658 So.2d 1099 (1995)
Edward W. JONES, Sr., and Sterile Assembly Systems, Inc., Appellants,
v.
STERILE PRODUCTS CORPORATION and National Fire Insurance Company of Hartford, Appellees.
No. 94-1184.
District Court of Appeal of Florida, Fifth District.
July 14, 1995.
R. Craig Cooley and Nicholas A. Shannin, of McDonough, O'Dell, Wieland & Williams, P.A., Orlando, for appellants.
R. Steven Ruta of Barrett, Chapin & Ruta, P.A., Orlando, amicus curiae for Richard E. Gordon and Katherine K. Gordon.
Daniel S. Pearson and Christopher N. Bellows, of Holland & Knight, Miami, for appellees.
ANTOON, J., Associate Judge.
The plaintiffs, Edward W. Jones, Sr. (Jones), and Sterile Assembly Systems, Inc. *1100 (SAS), appeal an order dismissing claims of wrongful injunction against defendants Sterile Products Corporation (SPC) and National Fire Insurance Company of Hartford (National). The trial court concluded that the action was barred as a matter of law. We disagree and reverse.
The trial court inherited a confusing situation. In 1987 SPC filed an action against Jones and SAS seeking damages and injunctive relief relative to a noncompete agreement. A predecessor trial court granted the temporary injunction conditioned upon execution of a $1 million bond by National as surety and SPC as principal. Jones and SAS appealed to this court. The trial court's decision was affirmed without an opinion. Jones v. Sterile Products Corp., 530 So.2d 315 (Fla. 5th DCA 1988) (Jones I). In November 1988 the trial court entered its "Final Order of Permanent Injunction," including a discharge of the injunction bond. Jones and SAS again appealed, and in November 1990 this court reversed, stating:
We find no basis in the contracts in this record, intricate though they are, which gives SPC any right or standing to enforce the noncompete agreement.
Jones v. Sterile Products Corp., 572 So.2d 519, 520 (Fla. 5th DCA 1990), rev. denied, 583 So.2d 1037 (Fla. 1991) (Jones II). Following the decision in Jones II, Jones and SAS sued SPC and National for wrongful injunction and malicious prosecution. We now review the order dismissing the claims for wrongful injunction.
In its order of dismissal, the trial court held that "the preliminary injunction cannot have been wrongful since it was affirmed by the appellate court." While SPC urges us to reverse because the court went outside the four corners of the complaint in considering Jones I, we direct ourselves to the question of whether the trial court's conclusion is a correct statement of the law. We conclude that it is not.
This issue was addressed in Morse Taxi & Baggage Transfer, Inc. v. Bal Harbour Village, 242 So.2d 177 (Fla. 3d DCA 1970). The cab company sued Bal Harbour Village, seeking temporary and permanent injunctions regarding taxi permits. The temporary injunction was entered and a bond executed. Bal Harbour appealed and the appellate court affirmed on the ground that no abuse of discretion was shown.[1] At the final hearing on permanent injunction, the trial court found that, while the evidence had been sufficient for the purposes of entry of the temporary injunction, it was insufficient to entitle the cab company to a judgment on the merits and a permanent injunction. The trial court entered a judgment in favor of Bal Harbour on the injunction bond. On appeal the cab company argued that, because the temporary injunction was affirmed, the entry of judgment in favor of Bal Harbour on final hearing could not be the basis for holding that the injunction was improvidently issued. The appellate court disagreed and held that:
Affirmance of the temporary injunction determined only that a proper showing had been made ... at the time it was applied for, and that the final judgment denying a permanent injunction and dismissing the cause on its merits amounts to an ultimate determination that the injunction for which the bond was posted was improvidently entered resulting in liability on the bond.
Morse Taxi, 242 So.2d at 178. The reasoning of Morse Taxi applies and is controlling here. The affirmance of the temporary injunction does not as a matter of law require the dismissal of the actions for wrongful injunction.
Next, we consider the propriety of the trial court's dismissal based on the alternative ground that no valid injunction bond remained pending. The bond, which was imposed to cover damages incurred by Jones and SAS in the event the temporary injunction was improperly issued, was discharged by the trial court as a part of the trial court's permanent injunction order. The question is whether, notwithstanding the discharge, the bond remained in effect pending the appeal of the permanent injunction in Jones II. Because *1101 the order granting the permanent injunction was appealed and reversed, we answer this question in the affirmative.
It was not necessary that Jones and SAS specify that they were appealing the discharge of the bond so long as they appealed the order granting the permanent injunction. The appeal of that order was sufficient to stay the discharge of the bond. In Archer v. Hart, 5 Fla. 234 (1853), the court reasoned, "The [circuit court's] direction [to discharge the bond] was but ancillary and accessory to the principal direction [to grant the injunction] and followed it and shared its fate." Id. at 251. In other words, the bond and the injunction are inextricably attached and the appeal of the injunction is automatically an appeal of the discharge of the bond. By appealing the permanent injunction, Jones and SAS appealed the discharge of the bond as well. Accordingly, the bond remains in effect.
REVERSED and REMANDED for further proceedings.
W. SHARP and HARRIS, JJ., concur.
NOTES
[1] AAA Auto Leasing, Inc. v. Morse Taxi & Baggage Transfer, Inc., 204 So.2d 902 (Fla. 3d DCA 1967), cert. denied, 212 So.2d 866 (Fla. 1968).