ALTENBERND, Judge.
Christopher Goslin and PaineWebber, Inc., appeal a final order confirming an arbitration award in an action filed against them by Glenfed Brokerage Services (Glenfed). We *621 reverse the order to the extent that it released the surety on the injunction bond and denied damages for 'wrongful injunction. On remand, the parties may present additional evidence and argument to determine whether the temporary injunction was wrongfully entered and, if so, to establish the appropriate damages.
Glenfed filed this action in October 1994 seeking to enforce a non-competition clause in its “investment consultant agreement” with Mr. Goslin. Allegedly, Mr. Goslin left his position with Glenfed in September 1994 and began a similar position with Paine-Webber. Under the Glenfed investment consultant agreement, Mr. Goslin was barred from certain competitive activities in Hills-borough County for a period of two years.
The trial court entered a temporary injunction in favor of Glenfed on October 28, 1994, barring Mr. Goslin and PaineWebber from specified solicitation activity. The injunction was conditioned upon the filing of a $75,000 surety bond, which Aetna Casualty and Surety Company later issued. Thereafter, Mr. Goslin and PaineWebber moved to compel arbitration of this dispute. There is no order in the record compelling arbitration, but it appears that the parties voluntarily submitted to N.A.S.D. arbitration. Between November 1994 and April 1995, the defendants filed several pleadings to dissolve the injunction, but were largely unsuccessful in their efforts.
On June 13, 1995, the arbitrators issued their decision. The panel concluded that the injunction “should be dissolved.” The panel denied Glenfed’s request for an injunction and damages against Mr. Goslin and Paine-Webber. It also denied Mr. Goslin’s counterclaim for damages against Glenfed. It required Glenfed to amend a Form U-5 in several respects. Finally, the panel left the issue of attorneys’ fees and costs for the court.
Based on this decision, the defendants filed a motion to dissolve the injunction and a motion for recovery of damages for wrongful injunction against Glenfed and the injunction bond. At the hearing on these motions, the trial court interrupted the attorneys and announced that it would deny the request for damages. This ruling was made before the defendants were even allowed to argue their motions.
The defendants contend that they are entitled to damages against Glenfed and the bond as a matter of law because of the arbitration award. In assessing this argument, we are hampered by the trial court’s pre-emptive decision. The record contains no pleadings from the arbitration nor any description of that proceeding. We do not question that an arbitration panel’s decision could determine that a temporary injunction was wrongful, but we are uncertain of the panel’s intent when it announced that the injunction “should be dissolved.” See Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 910 F.2d 1049 (2d Cir.1990). When a defendant prevails in a dispute involving a temporary injunction secured by a bond, we tend to agree with the defendants that the standard for recovery of damages against the bond is closer to strict liability than to malicious prosecution. See City of Treasure Island v. Provident Management Corp., 678 So.2d 1322 (Fla. 2d DCA 1996). This case does not present a record from which we can further articulate the standard for damages under the Aetna bond.
In Ehrhart v. Raymond James & Associates, 536 So.2d 1178 (Fla. 2d DCA 1989), this court reversed a similar order and remanded for further proceedings. In light of the absence of any meaningful hearing on this issue in the trial court, we conclude that this remedy is appropriate in this case as well.
Reversed and remanded for further proceedings.
FRANK, AC.J., and SCHEB, JOHN M., Senior Judge, concur.