SCHWARTZ, Chief Judge.
In the course of an arbitration of various disputes between the appellant subcontractor and the appellees, the general contractor and its surety, arising from work on a project in Dade County, the arbitrators, for procedural reasons, declined to consider or rule upon certain claims of the general against the sub, relegating them to a subsequent, separate arbitration. On this appeal, the sub challenges an order which stayed confirmation of an award in its favor rendered in the “first” arbitration pending the results of the second one. In our view, however, the order was, at the least, an appropriate exercise of the trial court’s discretion, see NEC Electronics, Inc. v. VG Sales Co., 655 So.2d 1146 (Fla. 4th DCA 1995); Air Conditioning Equip. Inc. v. Rogers, 551 So.2d 554 (Fla. 4th DCA 1989); see also Ehrhart v. Raymond James & Assocs., 536 So.2d 1178 (Fla. 2d DCA 1989), and — although we need not directly so hold— may even have been required as a matter of law. See Martinez v. Marin, — So.2d -, 1997. WL 620202 (Fla. 3d DCA Case no. 96-3219, opinion filed, July 30, 1997)[22 FLW D1847](holding that final judgment may not be formally entered on complaint alone, but must await adjudication of defenses and counterclaim).
Affirmed.