863 So.2d 1269 (2004)
P.M. REALTY & INVESTMENTS, INC., Appellant,
v.
CITY OF TAMPA and Gloria Moreda, Appellees.
No. 2D02-4616.
District Court of Appeal of Florida, Second District.
January 23, 2004.
*1270 Luke Charles Lirot of Luke Charles Lirot, P.A., Tampa, for Appellant.
Frederick B. Karl, City Attorney, and Richard E. Fee, Assistant City Attorney, Tampa, for Appellees.
ALTENBERND, Chief Judge.
P.M. Realty & Investments, Inc., appeals a permanent injunction restraining its operation of an adult use on Seventh Avenue in Ybor City. The trial court entered final judgment after granting summary judgment in favor of the City of Tampa and Gloria Moreda, in her official capacity as a zoning administrator. The trial court granted summary judgment reasoning that the decision was controlled by the "law of the case" established previously in P.M. Realty & Investments, Inc. v. City of Tampa, 779 So.2d 404 (Fla. 2d DCA 2000), review denied, 786 So.2d 580 (Fla.2001) (P.M. Realty I). We reverse.
For our purposes, the facts are adequately explained in P.M. Realty I. That opinion, however, affirmed the entry of a preliminary injunction. It is well established that a preliminary injunction does not create law of the case that is binding at the time of the final hearing. Kozich v. DeBrino, 837 So.2d 1041 (Fla. 4th DCA 2002); Lorie v. C.L.N., 757 So.2d 610, 611 (Fla. 3d DCA 2000); Jones v. Sterile Prod. Corp., 658 So.2d 1099, 1100 (Fla. 5th DCA 1995); see also Goslin v. Glenfed Brokerage Serv., 683 So.2d 620 (Fla. 2d DCA 1996). P.M. Realty I served only to demonstrate that the City had made a sufficient showing for the issuance of a temporary injunction. See Original Rey de la Pizza Cubana, Inc. v. Rey Pizza Corp., 682 So.2d 697, 697 (Fla. 3d DCA 1996). Thus, the trial court entered summary judgment for an incorrect reason.
Between the time of this court's last opinion in August 2000 and the time of the entry of the permanent injunction in September 2002, there had been substantial developments in the law affecting the *1271 zoning of adult uses. During this period, the United States Supreme Court issued City of Los Angeles v. Alameda Books, Inc., 535 U.S. 425, 122 S.Ct. 1728, 152 L.Ed.2d 670 (2002), and the Eleventh Circuit issued Peek-A-Boo Lounge of Bradenton v. Manatee County, 337 F.3d 1251 (11th Cir.2003). It is now clear that zoning ordinances regulating the conditions under which adult businesses may operate should be evaluated under the test set forth in Renton v. Playtime Theatres, Inc., 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986). See Peek-A-Boo Lounge, 337 F.3d at 1264. Moreover, the refining of evidentiary burdens announced in Alameda Books would appear to require the trial court to examine more closely the evidence presented at the time of the preliminary injunction. See Alameda Books, 535 U.S. at 438-39, 122 S.Ct. 1728; see, e.g., DiMa Corp. v. High Forest Township, No. 02-3800, 2003 WL 21909571 (D.Minn. Aug.7, 2003) (implementing Alameda Books' burden-shifting scheme under similar procedural posture). Accordingly, we conclude the trial court must accord P.M. Realty another hearing at which it applies current law to the relevant evidence.
Reversed and remanded.
SILBERMAN and KELLY, JJ., concur.