# Third District Court of Appeal

### State of Florida

Opinion filed July 30, 2014.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D13-968
Lower Tribunal No. 11-14127

————————

## Victoria Mossucco, etc., et al.,
Appellants,

vs.

## Aventura Tennis, LLC, Inc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Sarah I. Zabel, Judge.

Mark E. Buechele, for appellants.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., and Jeffery M. Berman, for appellee.

Before ROTHENBERG, FERNANDEZ, and SCALES, JJ.

SCALES, J.

Appellants Victoria Mossucco (Mossucco) and Fabio Gonzalez (Gonzalez) (collectively, Appellants), Defendants below, seek review of an order denying their motion to seek damages against an injunction bond posted by Appellee, Aventura Tennis, LLC (Aventura Tennis), Plaintiff below. We affirm because, under the facts of this case, Aventura Tennis' voluntary dismissal of its lawsuit did not result in an automatic determination that Appellants had been wrongfully enjoined.

## I.       Factual Background

Aventura Tennis was a retailer of tennis racquets, apparel, and accessories that previously operated a store in Aventura, Florida. As employees of Aventura Tennis, Appellants each executed a non-compete agreement, agreeing not to work for a competing business while employed at Aventura Tennis and for one year thereafter. The non-compete agreements contained provisions that entitled Aventura Tennis to seek injunctions to enforce such restrictions.

Mossucco resigned from Aventura Tennis on October 13, 2010, and Gonzalez tendered his resignation on December 17, 2010.

Aventura Tennis contends that in March 2011, Appellants opened a tennis kiosk on behalf of, or for the benefit of, a direct competitor of Aventura Tennis (the Kiosk). On May 5, 2011, Aventura Tennis filed a complaint seeking damages and injunctive relief against Appellants for their alleged violations of the non-compete agreements. Appellants filed a motion to dismiss, however they did not

pursue the motion and never obtained a ruling on it. Appellants never filed an answer to Aventura Tennis' complaint.

On June 15, 2011, Aventura Tennis filed a motion in the case for temporary injunctive relief, seeking to enjoin Appellants from operating the Kiosk. The trial court held an evidentiary hearing and, on July 12, 2011, entered an order temporarily enjoining Appellants from working at the Kiosk until October 13, 2011, for Mossucco, and December 17, 2011, for Gonzalez. As a condition of the temporary injunctions, Aventura Tennis posted a bond in the amount of $32,800 (the Bond). The Bond stated: "[I]f it is later established that the order was improperly entered, Aventura Tennis, LLC shall pay all costs and damages defendants sustain in consequence of the order having been improperly entered."

Appellants never sought to dissolve the injunctions pursuant to Florida Rule of Civil Procedure 1.610(d). Nor did Appellants seek immediate review of the temporary injunctions pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B).

The temporary injunctions expired by their own terms on October 13, 2011, for Mossucco, and on December 17, 2011, for Gonzalez. On November 29, 2012, Aventura Tennis unilaterally filed a notice of voluntary dismissal of its action pursuant to Florida Rule of Civil Procedure 1.420(a)(1).

On December 28, 2012, Appellants filed a "Motion for Proceedings Against Injunction Bond, to Establish Entitlement to Injunction Damages, Attorney's Fees and Costs; and to Schedule Evidentiary Hearing" (Motion Against Bond). In the motion, Appellants sought damages and attorney fees and costs from the Bond. Appellants requested a determination that the temporary injunctions were wrongfully obtained. Appellants argued that the voluntary dismissal filed by Aventura Tennis in November 2012 automatically constituted a determination that they had been wrongfully enjoined and entitled them to recover damages against the Bond. Appellants also requested an evidentiary hearing to determine the amount of damages to which they were entitled.

On February 14, 2013, the trial court held a hearing on Appellants' Motion Against Bond. During the hearing, Appellants claimed they were entitled to damages from the Bond because "[w]hen you voluntarily dismiss it is considered to be—the injunction is considered to have been wrongful and the defendants are entitled to proceed against the bond." Appellants advanced no other arguments that the temporary injunctions were wrongfully issued. On March 11, 2013, the trial court entered an order which, among other things not germane to this appeal, denied Appellants' request to proceed against the Bond.

**II.    Analysis**

The question we are presented with is whether, after a temporary injunction has long since expired by its own terms, a plaintiff's voluntary dismissal of its complaint without prejudice should be treated as an automatic determination that the defendant was "wrongfully enjoined" within the meaning of Rule 1.610(b), Florida Rules of Civil Procedure.

We hold that, given the unique facts and procedural posture of this case, Aventura Tennis' voluntary dismissal of its complaint did not constitute an automatic determination that Appellants had been "wrongfully enjoined" so as to entitle them to damages against the Bond.

The standard of review is *de novo* because there are no disputed facts and the trial court's conclusions are purely legal. City of Hollywood v. Petrosino, 864 So. 2d 1175, 1176 (Fla. 4th DCA 2004).

### i.     Recovering Against an Injunction Bond

Pursuant to Florida Rule of Civil Procedure 1.610(b), "[n]o temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper." The purpose of an injunction bond is to provide sufficient funds to cover the adverse party's costs and damages if the injunction was wrongfully issued. Bieda v. Bieda, 42 So. 3d 859, 862 (Fla. 3d DCA 2010). Whether the enjoined party is entitled to recover on the bond is solely determined by whether the adverse party was "wrongfully enjoined." See Fla. R. Civ. P.

5

1.610(b) (stating bond condition is payment of costs and damages of adverse party who is "wrongfully enjoined"); see, e.g., Shea v. Cent. Diagnostic Servs., Inc., 552 So. 2d 344, 346 (Fla. 5th DCA 1989) ("An aggrieved party is entitled to damages resulting from the wrongful issuance of an injunction."); see e.g., Dep't of Health & Rehab. Servs. v. G & J Invs. Corp., 541 So. 2d 1197, 1200 n.2 (Fla. 3d DCA 1988) ("To sustain an action for damages it must be made to appear that such an injunction was wrongful in its inception, or at least continued owing to some wrong on the part of plaintiff.") (citation omitted).

"The standard for determining whether an injunction was wrongfully issued is simply whether the petitioning party was unentitled to injunctive relief." Parker Tampa Two, Inc. v. Somerset Dev. Corp., 544 So. 2d 1018, 1021-22 (Fla. 1989); see also Biscayne Park, LLC v. Wal-Mart Stores E., LP, 34 So. 3d 24, 26 (Fla. 3d DCA 2010).

### ii.    Lorie and Effect of Voluntary Dismissal by Plaintiff

Appellants rely on Lorie v. C.L.N., 757 So. 2d 610 (Fla. 3d DCA 2000), to support their proposed *per se* rule of law that a voluntary dismissal without prejudice of an action seeking an injunction automatically constitutes an adjudication that the adverse party was "wrongfully enjoined." We cannot agree.

In Lorie, the plaintiffs obtained a temporary injunction and posted a bond. Id. at 611. Following this court's affirmance of an appeal by the defendants

6

challenging the propriety of the temporary injunction, and while the injunction was still in effect, the plaintiffs filed a voluntary dismissal of their suit. Id. Thereafter, the defendants moved for dissolution of the temporary injunction and for distribution to them of the bond proceeds. Id. The plaintiffs, on the other hand, moved to recover the bond contending that no adjudication on the merits had resulted from the voluntary dismissal. The trial court agreed with the plaintiffs' additional argument that the prior affirmance on appeal of the temporary injunction meant that the injunctions were not "wrongfully" obtained. Id. The trial court discharged the bond proceeds to the plaintiffs. Id.

Relying on the "general rule" that a voluntary dismissal by the plaintiff "warrant[s] a right of action upon [the bond]," this court reversed and remanded the cause for a hearing on the defendant's entitlement to damages.[1] Id. at 612.

Contrary to Appellants' contention, Lorie did not explicitly hold that, in all cases in which a temporary injunction is sought and obtained, a voluntary dismissal without prejudice automatically constitutes an adjudication that the

---

[1] This court cited 91 A.L.R. 2d 1312 § 2, which noted:

> As a **general rule**, the voluntary dismissal of a suit by the plaintiff, after obtaining an interlocutory injunction and giving a bond, when made without the consent of the defendant, is determinative of the controversy and is such a breach of the condition of the bond as to warrant a **right of action** upon it . . . .

Lorie, 757 So. 2d at 611-12 (emphasis added).

7

injunction was wrongfully entered.[2] Cf. Rice v. White, 147 So. 2d 204, 206-07 (Fla. 1st DCA 1962) ("[A] dissolution of an injunction upon the merits **operates as an adjudication that it was improperly issued**." (quoting Nat'l Surety Co. v. Willys-Overland, Inc., 138 So. 24, 25 (Fla. 1931) (emphasis added))).

We hold that a plaintiff's voluntary dismissal of its suit without prejudice after it has sought and received a temporary injunction **can**, but does not **automatically**, constitute an adjudication that the adverse party was "wrongfully enjoined." However, where, as here, the notice of voluntary dismissal was not filed until a year after the temporary injunctions expired by their own terms, and, where the enjoined parties took no action to challenge the propriety of the temporary injunctions until a year-and-a-half after they were entered, and nearly a year after they expired, the enjoined parties still had to **prove** that the injunctions were "wrongfully entered" to succeed in an action for damages against the bond.[3]

---

[2] In fact, while not entirely clear from the opinion, it appears the trial court in Lorie treated the plaintiffs' voluntary dismissal of their action as "automatically requir[ing] the return of an injunction bond to a plaintiff." Lorie, 757 So. 2d at 611.

[3] See G & J Invs. Corp., 541 So. 2d at 1200 n.2 ("The existence of the voluntary dismissal does not 'prove' that the acts taken by [the plaintiff] were wrongful . . . ."); see Ayer v. Gen. Dynamics Corp., 625 P.2d 913, 914-15 (Ariz. Ct. App. 1980) (holding that the plaintiff's voluntary dismissal of its complaint seeking injunctive relief was not conclusive and the defendant still "had to prove that the injunction was wrongfully issued"); see also U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc., 916 F. Supp. 2d 501, 512 (S.D.N.Y. 2013) ("[T]he [c]ourt holds that a plaintiff's voluntary dismissal of its suit . . . after it has sought and received a TRO or a preliminary injunction can constitute a final adjudication on the merits that 'the injunction should not have issued in the first instance.' The determination of

### III. Conclusion

In sum, we certainly do not foreclose the possibility that, in certain circumstances not present here, a plaintiff's voluntary dismissal of its complaint **may** be treated as an adjudication that the injunction was "wrongfully entered." See, e.g., U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc., 916 F. Supp. 2d 501, 514 (S.D.N.Y. 2013) (concluding the plaintiff's "voluntary dismissal should be treated as a final adjudication on the merits justifying a finding that [the defendant] was 'wrongfully' restrained by the TRO" where "all of the relevant factors support the conclusion that [the plaintiff] dismissed its suit 'on the basis of a belief that [it would] lose on the merits.'") (citations omitted).

Moreover, our holding does not necessarily require an enjoined party to challenge the validity of an injunction **before** a plaintiff files a notice of voluntary dismissal, or **before** a temporary injunction expires by its own terms, in order to succeed in an action for damages against a bond.

---

whether such a dismissal should be treated as a final adjudication on the merits for such purposes, however, 'must be made on a case by case basis' in light of the totality of the circumstances.") (citations omitted); cf. Oakwood Manor, Inc. v. Eck, 358 So. 2d 585, 587 (Fla. 2d DCA 1978) ("Admittedly, the dismissal for failure to amend constituted an adjudication of the suit on the merits . . . but this does not necessarily mean that the temporary injunction was improperly issued in the first place . . . . 'To sustain an action for damages it must be made to appear that such injunction was wrongful in its inception, or at least was continued owing to some wrong on the part of the plaintiff.'") (citations omitted).

Rather, in determining whether a voluntary dismissal constitutes an adjudication that the enjoined party was "wrongfully enjoined," the trial court should consider the totality of the circumstances on a case-by-case basis. See, e.g., LaSalle Capital Group, Inc. v. Alexander Doll Co., No. 95C1640 (N.D. Ill. Oct. 2, 1995) (holding that determinations should be made on a case-by-case basis).

In the instant case, it was never established that Appellants were "wrongfully enjoined." Indeed, in their Motion Against Bond, the enjoined parties simply advanced the legal position that the voluntary dismissal of the plaintiff's case in which the temporary injunctions were entered was enough to establish they were "wrongfully enjoined."[4]

On the facts of this case, we find no error in the trial court's conclusion that the mere filing of the voluntary dismissal—long after the temporary injunctions

---

[4] Unlike the defendants in Lorie, Appellants in the instant case did not initiate any action to prove they were "wrongfully enjoined." The Lorie defendants challenged the propriety of the temporary injunction on three separate occasions by: (1) appealing the initial grant of the temporary injunction; (2) moving to dissolve the temporary injunction after the plaintiffs voluntarily dismissed the case; and (3) appealing the trial court's finding that the injunction was properly entered.

Here, Appellants did not file any motion to dissolve the temporary injunctions, nor did Appellants seek appellate review of the temporary injunctions. Significantly, in their Motion Against Bond, which was filed nearly a year-and-a-half after the temporary injunctions were entered, and nearly a year after they expired by their own terms, Appellants did not request an opportunity to **prove** they were "wrongfully enjoined;" instead, Appellants simply requested an automatic determination by the trial court that the temporary injunctions were "wrongful" based on the plaintiff's voluntary dismissal of its lawsuit.

were entered, and long after they expired by their own terms—was not sufficient to establish the wrongfulness of the temporary injunctions.

Affirmed.