The Mengel Co., et al. *v.* Local 4-443, International Woodworkers of America, et al.

March 8, 1954

No. 39111          56 Adv. S. 44          70 So. 2d 613

*Welch, Gibbes & Butts,* Laurel, for appellants.

*Quitman Ross,* Laurel, for appellees.

HALL, J.

The appellee union is the bargaining agent for approximately 400 employees of appellant company. On July 21, 1952, a collective bargaining agreement between these parties expired, and, negotiations for a renewal thereof having been unsuccessful, the employees went on strike and the plant was closed and picketed. On November 3, 1952, no new agreement having been made between the parties, the company filed its bill of complaint against the union and ten of its individual members, including its officers and members of its bargaining committee, charging mass picketing, intimidation and threats of violence against the employees who desired to return to work without a collective bargaining contract, and also charging that the defendants had by threats, coercion and intimidation prevented common carriers from removing from the company's plant shipments of its products which had been billed out for transportation in interstate commerce, and that as a result thereof the company's business was being irreparably damaged. The bill prayed for a temporary injunction restraining the defendants from mass picketing and from coercion, intimidation and violence or abuse of the company's employees who might desire to enter its plant and also from threatening, intimidating, coercing, abusing and

otherwise molesting the employees of these common carriers with regard to the transportation of the company's products.

On the day of the filing of the bill of complaint a hearing was had before the chancellor without notice, at which hearing sworn testimony was given to support the allegations of the bill, and an order was entered directing the issuance of the injunction as prayed for upon the giving of bond in the sum of $7,500.00. Bond was given and approved and the injunction was issued on the same date, returnable to the December, 1952, rules. No answer was filed at the regular February, 1953, term of the chancery court, the strike being still in progress. On March 27, 1953, a new collective bargaining contract was entered into, the pickets were removed from the plant, and the employees returned to work. At the April, 1953, regular term of court the defendants filed an answer to the bill, which was twenty days after the strike had ended and the employees had returned to work. Two days thereafter, the defendants filed a motion to dissolve the temporary injunction, together with a suggestion of damages. A hearing was had on the motion about a week later, at which hearing the special chancellor then acting entered an order dissolving the injunction and awarding damages against the company and the sureties on its injunction bond in the amount of $3,075.12, from which action this appeal is prosecuted.

The court reporter's transcript shows all that transpired when the motion to dissolve was called up for hearing, and, since counsel are not agreed as to what did occur, we shall set out briefly what the transcript shows. The special chancellor stated that it is his understanding that when a temporary injunction has been granted and an answer has been filed denying the material allegations of the bill of complaint, that the answer, plus the motion, requires the complainant to prove by evidence the truthfulness of the allegations

of the bill, and that, if it fails so to do, the defendants are entitled to have the injunction dissolved and to an award of damages. Thereupon counsel for complainant stated to the court that a new contract had been made between the parties on March 27, 1953, that work was resumed on April 1, 1953, the pickets withdrawn, and that there is no longer any controversy between the parties, and that in view of the efforts of both the complainant and the defendants to have amicable and satisfactory relations, the motion would be confessed to the extent that the temporary injunction be dissolved, and that the question between the parties had become moot. Complainant therefore declined to offer any evidence, and the defendants offered no evidence except a stipulation as to what the damages amounted to if any were proper to be awarded.

There is considerable argument in the briefs, each party contending that the other should have gone forward at the hearing with proof as to the allegations of the bill. The bill states good cause for the issuance of the temporary injunction and it is undisputed that the regular chancellor heard sworn testimony in support of those allegations before directing the clerk to issue the injunction.

Our own Court has followed the rule for which appellants contend in the case of Rickets v. Rickets, 152 Miss. 792, 806-807, 119 So. 194, wherein we said: "On the hearing of a motion to dissolve, the burden of proof is on the movant to establish the grounds for dissolution. 32 C. J. 426, Section 731. Appellant seems to concede that to be the general rule, but contends that it does not apply here, because the injunction granted in this case was on the ex parte application by appellee. Appellant's position is that, where the injunction has been granted on a hearing of both parties, there is sound reason for the application of the rule that the burden of proof is on the movant to dissolve his injunction, because, in such a case, the complainant has the

right to stand on the decree of the court in his favor, awarding the injunction; but that the reason of the rule fails where the injunction is granted on an ex parte hearing, because the granting of the injunction on such a hearing does not amount to a finding by the court of the existence of grounds for the injunction. We know of no authority making such a distinction, and we see no reason therefor. Where a complainant makes application for an injunction, whether the application is ex parte or on a hearing of both parties, he is required to satisfy the court, by oath or other means, that irreparable injury will probably result if an injunction is not issued. Section 608, Code of 1906 (Hemingway's 1927 Code, Section 382). We see no reason, therefore, for giving any more weight to the order of the court awarding the injunction in the one case than in the other. In either case, the complainant is entitled to stand on the order of the court granting the injunction, as making out a prima facie case in his favor, that the injunction was not improvidently issued. The rule, therefore, is that the burden of proof, on a motion to dissolve an injunction, is on the movant, because he is called upon to overcome complainant's prima facie right to the injunction, based on the action of the court granting the writ.''

At the time of the hearing in April, 1953, the cause for issuance of the injunction had been removed by subsequent events. In such a situation, the general rule is stated in 43 C. J. S., p. 1056, Injunctions, Section 281 b, as follows: ██ █ ''To authorize the recovery of damages, the issuance of the injunction must have been wrongful in its inception, or at least it must have been continued owing to some wrong on the part of the plaintiff. If rightfully awarded, but afterward properly dissolved, because of matters done or arising subsequent to its issuance, there can be no recovery of damages.'' To the same effect is 32 C. J., p. 435, note 99.

■■■ Summarizing, it seems clear to us that the complainant in this case was entitled to stand in the lower court upon the order granting the temporary injunction, and that this order made out a prima facie case in its favor showing its right thereto; that the defendants made no effort to overcome this prima facie case but relied upon the special chancellor's statement to the effect that it was his conception of the law that the burden was upon the complainant to show at the final hearing its right to the original temporary injunction and that damages should be awarded, notwithstanding the fact that it was brought to his attention that the cause for the temporary injunction had been removed by subsequent events.

The decree will therefore be affirmed insofar as the temporary injunction was thereby dissolved, but it will be reversed insofar as it awarded damages upon such dissolution, and judgment will be here entered denying the recovery of damages.

Affirmed in part, and reversed in part and judgment here.

*Roberds, P. J.,* and *Lee, Kyle* and *Gillespie, JJ.,* concur.