358 So.2d 585 (1978)
OAKWOOD MANOR, INC., a Florida Corporation, Appellant,
v.
Joyce ECK, James A. Spanos and John Meshad, As Last Officers, Directors and Trustees of the Assets of S & E Enterprises, Inc., a Dissolved Corporation of the State of Florida, and Interstate Fire Insurance Company, a Corporation, Appellees.
No. 77-1743.
District Court of Appeal of Florida, Second District.
May 10, 1978.
*586 Clyde H. Wilson of Wilson & Wilson, Chartered, Sarasota, for appellant.
Gerald C. Surfus of Stinnett, Surfus & Martin, P.A., Sarasota, for appellees.
GRIMES, Judge.
This is an appeal from a final judgment denying a claim for damages for the improper issuance of a temporary injunction.
On January 28, 1971, S & E Enterprises, Inc. (S & E) sued to enjoin appellant (Oakwood) from breaching an oral contract permitting S & E to sell mobile homes at Oakwood's trailer park and to recover damages. The following day S & E obtained a temporary injunction without notice enjoining Oakwood from interfering with S & E's sale of mobile homes on Oakwood's property. S & E posted a $10,000 injunction bond to cover all costs, damages and attorneys' fees sustained by Oakwood as a consequence of S & E "improperly suing out the injunction." Oakwood filed motions to dismiss the complaint, to dissolve the injunction, and to restore the parties to the status quo ante.
Oakwood's motion to dissolve the injunction and motion for restoration were called up for hearing on February 5, 1971. Pursuant to stipulation of the parties, the court entered an order dated February 9, 1971, directing S & E to vacate certain offices on Oakwood's property, to stop bringing any more mobile homes onto Oakwood's property, to move a certain trailer from one lot to another, and to turn over to Oakwood all office and recreation building keys in its possession. The court also made the temporary injunction reciprocal by enjoining S & E from interfering with the operation of Oakwood's trailer park and Oakwood's rental and sale of mobile homes thereon.
On October 4, 1971, S & E filed a notice of voluntary dismissal, but on October 8, 1971, Oakwood filed a motion asserting that the voluntary dismissal was unauthorized under Fla.R.Civ.P. 1.420 because S & E's $10,000 bond had been deposited with the court. The court granted Oakwood's motion and reinstated the suit.
On August 31, 1972, the court granted Oakwood's motion to dismiss the complaint with leave to amend within twenty days. When S & E failed to file an amended complaint within the requisite time, Oakwood filed a new motion to dismiss. On November 26, 1973, the court entered final judgment, reciting that since no amendment or further pleading had been filed by S & E "this action be and the same is dismissed and that Plaintiff take nothing by this action and that Defendant go hence without day and recover its costs against Plaintiff to be hereinafter taxed by the Court."
On February 19, 1974, Oakwood filed a complaint seeking to recover damages on the injunction bond. A bench trial was held on August 29, 1977. The court concluded the trial with the following observation:
There is in this case, of course, the time of the hearing and the order that Judge Silvertooth signed, it appeared that the parties had agreed to most everything in this particular action, keeping the injunction, having an injunction in effect on the other side as well. I understand that there have been all of these other cases involved, apparently; but the Court really doesn't find that it was improperly done.

*587 I would find for the Defendants in this particular case. I understand that there were a lot of other things involved and all that, but in this particular case, why, I just don't think that it is improper.
The court appears to have concluded that Oakwood could not now claim damages because its counsel had stipulated that the injunction against Oakwood should remain in effect. We believe this is an erroneous interpretation of the order of February 9, 1971, which specifically stated that the court was not passing upon the merits of the motion to dissolve the injunction. The stipulated order did not rescind the temporary injunction against Oakwood, but simply placed the injunction upon a reciprocal basis and required S & E to take certain mitigating actions with respect to its right to sell mobile homes on Oakwood's property. The stipulation and the order thereon cannot be construed as an agreement by Oakwood to permit S & E to use its property or as an admission by Oakwood that S & E was entitled to the injunction.
Oakwood argues that rather than remanding for a determination of whether the temporary injunction was improperly obtained, we should direct the entry of a judgment for Oakwood because the original injunction suit was ultimately dismissed. However, the attorney who represented S & E in the injunction suit testified that he first sought to voluntarily dismiss his suit, and then allowed it to be dismissed for failure to amend, because by that time all of S & E's mobile homes had been sold and S & E had suffered no damages. Admittedly, the dismissal for failure to amend constituted an adjudication of the suit on the merits under Fla.R.Civ.P. 1.420(b), but this does not necessarily mean that the temporary injunction was improperly issued in the first place. Obviously, there may be circumstances under which a temporary injunction is properly obtained but because it has accomplished its purpose, or due to changed conditions beyond the control of the plaintiff, the injunction is later dissolved as moot. Thus, in Scott v. Frank, 121 Iowa 218, 96 N.W. 764, 765 (1903), the court said:
To sustain an action for damages it must be made to appear that such injunction was wrongful in its inception, or at least was continued owing to some wrong on the part of plaintiff. If rightfully awarded, but afterwards properly dissolved because of matters done or arising subsequent to its issuance, there can be no recovery of damages.
See also M. Blatt Co. v. Southwell, 259 N.C. 468, 130 S.E.2d 859 (1963); Mengel Co. v. Local 4-443, International Woodworkers, 220 Miss. 317, 70 So.2d 613 (1954).
We have not overlooked National Surety Co. v. Willys-Overland, Inc., 103 Fla. 738, 740, 138 So. 24, 25 (Fla. 1931), in which our Supreme Court said:
The general rule in this state, as is apparently true elsewhere, where the rules are similar, is that a dissolution of an injunction upon the merits operates as an adjudication that it was improperly issued....
In that case the temporary injunction had been judicially determined to have been erroneously issued from the beginning. It may be that the dismissal of an injunction suit, without more, would constitute a prima facie showing of an adjudication that the temporary injunction obtained therein had been improperly issued. Cf. Wood, Wire & Metal Lathers, International Local No. 216 v. Brown & Root, Inc., 157 F. Supp. 342 (S.D.Ala. 1957). Here, however, it can be safely said that in dismissing the suit the court was not purporting to pass upon the propriety of the temporary injunction.
The judgment is reversed, and the case is remanded for a determination of whether the temporary injunction was improperly obtained, and if so, for the award of damages.
BOARDMAN, C.J., and HOBSON, J., concur.