487 So.2d 372 (1986)
JACKSONVILLE ELECTRIC AUTHORITY, Appellant,
v.
BEEMIK BUILDERS & CONSTRUCTORS, INC., a Florida Corporation, Appellee.
No. BL-22.
District Court of Appeal of Florida, First District.
April 18, 1986.
*373 Gerald A. Schneider, General Counsel, William Lee Allen and Cindy A. Laquidara-Kenney, Asst. Counsel, Jacksonville for appellant.
Earl S. Poitevent, III, Jacksonville for appellee.
ERVIN, Judge.
Jacksonville Electric Company (JEA) appeals from a non-final order issuing a temporary injunction on January 16, 1986 and a non-final order issued January 27, 1986, denying a motion to dissolve the temporary injunction. We find the temporary injunction was incorrectly issued and reverse both orders.
JEA and Beemik Builders and Constructors, Inc. (Beemik), entered into a contract calling for construction of a preengineered metal building. The contract conferred on JEA the right to terminate the contract if the contractor files bankruptcy, if it fails to supply sufficient skilled workmen or suitable equipment or materials, or if it repeatedly fails to perform to schedule or repeatedly fails to make payments to sub-contractors. Although the contract did not include a construction schedule, it included a provision requiring the contractor to submit such schedule for approval by JEA. The schedule was submitted and approved; however, due to numerous problems, the building was not completed in September 1985 pursuant to the schedule. In January 1986 JEA determined that it needed to control the work site and advised Beemik of its intention to cancel pursuant to the contract's non-performance clause. Beemik brought suit to enjoin JEA from cancellation. Following a hearing thereon, the circuit court issued a temporary injunction on January 16, 1986, and an amended temporary injunction on January 27, 1986, enjoining JEA "from interfering with the completion of the construction to be performed by the plaintiff in accordance with the construction contract between the plaintiff and the defendant." We reverse.
It is standard hornbook law that a temporary injunction will only be issued in situations wherein the plaintiff can clearly demonstrate that irreparable injury would follow the denial of the injunction. Cramp v. Board of Public Instruction of Orange County, 118 So.2d 541, 554 (Fla. 1960). Irreparable injury will never be found where the injury complained of is "doubtful, eventual or contingent." First National Bank in St. Petersburg v. Ferris, 156 So.2d 421, 424 (Fla.2d DCA 1963). The record in the instant case and the amended order granting the injunction fail to establish irreparable injury. The circuit court reached its finding of irreparable injury by concluding that cancellation of the contract would "substantially impair the [appellee's] bonding capacity ... [, interfering] with its ability to do business." The only evidence presented at the hearing concerning irreparable injury was a self-serving statement by the president of the appellee that cancellation of the contract would impair the company's bonding capacity and "absolutely put us out of business, no doubt about that." A representative of the bonding company also testified that the contract's cancellation might have a detrimental effect upon Beemik's ability to obtain construction bonds in the future. Speculation over possible future detrimental effects upon one's bonding capability following a contract's revocation is not irreparable injury and cannot justify the issuance of a temporary injunction.
Irreparable injury will not be found if money damages are available as a remedy. City of Miami Springs v. Steffen, 423 So.2d 930 (Fla.3d DCA 1982). In a contract action, injunctive relief is seldom the appropriate remedy, as money damages are ordinarily available. Gonzalez v. Benoit, 424 So.2d 957, 959 (Fla.3d DCA 1983); Professional Golfers Association of America v. Banker's Life and Casualty Co., 166 So.2d 488 *374 (Fla.2d DCA 1964). In the instant case, the injury which appellee alleges is one that may be remedied by an action at law for damages. If, in a later case, the appellee prevails on its assertions that the contract was wrongfully breached, the appellee may recover money damages for the breach.
REVERSED.
WENTWORTH and JOANOS, JJ., concur.