495 So.2d 1234 (1986)
LAKE WORTH BROADCASTING CORPORATION, Appellant,
v.
HISPANIC BROADCASTING, INC., Appellee.
No. 86-392.
District Court of Appeal of Florida, Third District.
October 21, 1986.
Blackwell, Walker, Fascell & Hoehl and Diane H. Tutt and James E. Tribble, Miami, for appellant.
Scherman & Zelonker and Regina Zelonker, Hialeah, for appellee.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
PER CURIAM.
This is an appeal from a trial court order denying an application for attorney's fees as damages incurred by the defendant Lake Worth Broadcasting Corporation in successfully moving to set aside an ex parte temporary injunction previously issued at the behest of the plaintiff Hispanic Broadcasting, Inc. The trial court required the plaintiff, as a condition of the temporary injunction, to post a $5,000 bond for the payment of any damages and costs sustained by the defendant as a result of the temporary injunction. Subsequently, the defendant moved to dissolve the temporary injunction on the basis that (1) there had been a lack of notice on the temporary injunction hearing, and (2) the temporary injunction had been wrongfully issued for a variety of reasons. The trial court granted the motion and dissolved the temporary injunction, but denied the defendant any damages in the form of attorney's fees because the defendant was "on notice" of the temporary injunction hearing. We reverse.
The law is clear that a defendant is entitled to any damages sustained by him as a result of a wrongfully issued temporary injunction after the trial court, as here, dissolves the temporary injunction based on the claim of wrongful issuance; such damages include reasonable attorney's fees incurred by the defendant to secure the dissolution of the wrongfully issued temporary injunction. National Surety Co. v. Willys-Overland, Inc., 103 Fla. 738, 138 So. 24 (1931); Braun v. Intercontinental Bank, 452 So.2d 998 (Fla. 3d DCA 1984), pet. for review denied, 462 So.2d 1106 (Fla. 1985); Knight v. Global Contact Lens, Inc., 319 So.2d 622 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 1182 (Fla. 1976). The holding in Oakwood Manor, Inc. v. Eck, 358 So.2d 585, 586 (Fla. 2d DCA 1978), relied on by plaintiff, is inapplicable to this case as (a) the dissolution of the temporary injunction herein was sought solely on the basis that the subject injunction was wrongfully issued in the first instance, and (b) the trial court obviously passed on the merits of the improper issuance claim by granting the motion to dissolve. Under these circumstances, it is clear that the defendant herein was entitled to recover, as damages, any reasonable attorney's fees which he incurred in seeking to set aside the temporary injunction; indeed, the required bond posted as a condition for the issuance of the temporary injunction was *1235 intended to cover just such damages. See Aviation Investments, Inc. v. Johanson, 177 So.2d 369 (Fla. 3d DCA 1965); United Bonding Insurance Co. of Indianapolis v. Presidential Insurance Co., 155 So.2d 635 (Fla. 2d DCA 1963); Roger Dean Chevrolet, Inc. v. Painters, Decorators & Paperhangers of America, Local No. 452, 155 So.2d 422 (Fla. 2d DCA 1963); Fla.R.Civ.P. 1.610(b).
The order under review is reversed and the cause is remanded to the trial court with directions to award reasonable attorney's fees to the defendant, which fees were incurred in an effort to set aside the temporary injunction in this cause.
Reversed and remanded.