552 So.2d 344 (1989)
John SHEA and Florida Hi-Tech Medical Services, Inc., Appellants/Cross-Appellees,
v.
CENTRAL DIAGNOSTIC SERVICES, INC., a Florida Corporation, Appellee/Cross-Appellant,
v.
Riselda GUTIERREZ, Pedro Gutierrez, "Risi" Gutierrez, and Fernando Calvo, Appellees.
No. 88-1864.
District Court of Appeal of Florida, Fifth District.
November 22, 1989.
*345 D. Paul McCaskill of David U. Strawn, P.A., Orlando, for appellants/cross-appellees.
Alice Blackwell White, P.A., and Berry James Walker, Jr., of Broad and Cassell, Maitland, for appellee/cross-appellant Central Diagnostic Services, Inc.
Thomas J. Pilacek of Pilacek & Cohen, Orlando, for appellees Riselda Gutierrez, Pedro Gutierrez, "Risi" Gutierrez and Fernando Calvo.
COWART, Judge.
Appellee, Central Diagnostic Services, Inc., as plaintiff, obtained, without notice, a temporary injunction against appellants as defendants. The defendants moved to dissolve the temporary injunction and set their motion for hearing. At the hearing, both sides argued that the other side had the burden of going forward with evidence. The trial court ruled that although the plaintiff had, by the allegations in its verified complaint, made a prima facie case for the issuance of an injunction without notice, and although technically the hearing was on the defendants' motion to dissolve, nevertheless, at the first evidentiary hearing with the defendants being present, the plaintiff had the burden of presenting sufficient evidence to sustain and maintain the temporary injunction. After the plaintiff presented several hours of testimony, the trial court ruled that the legal remedy for dollar damages was adequate and dissolved the temporary injunction. However, the trial court also concluded that the bond filed by the plaintiff was to be returned to the plaintiff by the court clerk. The defendants appeal the direction to return the bond. The plaintiff cross-appeals the order dissolving the injunction claiming that the burden of proof at the hearing was on the defendants and also that the plaintiff was denied a full and fair opportunity to present its evidence at the hearing.
*346 The order dissolving the injunction is affirmed but the provision for the posted injunction bond to be returned to the plaintiff is stricken. The handwritten provision for the return of the bond was substituted for stricken typed language in a typed order that had read, before modification, that the court reserved jurisdiction for a future determination of the existence and extent of the defendants' compensable damages and possible recourse to the bond. Therefore, we assume that by ordering the return of the bond, the trial judge intended to deny the defendants the opportunity and right to seek recourse for any damages resulting from the issuance of the temporary injunction. This right should not be denied. See Lake Worth Broadcasting Corp. v. Hispanic Broadcasting, Inc., 495 So.2d 1234 (Fla. 3d DCA 1986). An aggrieved party is entitled to damages resulting from the wrongful issuance of an injunction. The dissolution of a temporary injunction upon the merits[1] constitutes an adjudication that it was wrongfully issued.[2]National Surety Co. v. Willys-Overland, Inc., 103 Fla. 738, 138 So. 24 (1931).
Florida Rule of Civil Procedure 1.610(b) provides that no temporary injunction will be entered unless a bond is given conditioned for the payment of damages sustained by the enjoined party in the event it is later determined that the injunction was wrongfully obtained. Section 60.07, Florida Statutes, provides for the court granting the injunction to assess the defendant's damages after the injunction is dissolved if no party has requested a jury trial on damages. The defendant must look to the injunction bond as the sole source of recovery of any damages resulting from the wrongful issuance of the injunction. See Parker Tampa Two v. Somerset Development Corp., 544 So.2d 1018 (Fla. 1989); Calder Race Course, Inc. v. Gaitan, 430 So.2d 975 (Fla. 3d DCA 1983). See also Collins v. Horten, 112 So.2d 897 (Fla. 1st DCA 1959).
As to plaintiff's cross-appeal, rule 1.610 does not in its present form specify who has the burden of initially going forward on a motion to dissolve or modify a temporary injunction obtained without notice. A plaintiff who has obtained ex parte relief based simply on allegations in its complaint cannot shift the burden to the defendant until it has established an evidentiary basis to support such relief. See DeLisi v. Smith, 401 So.2d 925 (Fla. 2d DCA 1981). The trial court correctly placed the burden on the plaintiff to go forward with evidence sufficient to sustain the ex parte grant of temporary injunctive relief. A lengthy evidentiary hearing was held and while the plaintiff claims it was cut off in its presentation of evidence, the plaintiff does not suggest any additional witnesses or evidence that it would have presented.
AFFIRMED as modified.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] For example, a dissolution of an injunction that may occur procedurally by implication as the result of a dismissal of the complaint for failure to state a cause of action is not a dissolution of the injunction on the merits. See, e.g., Oakwood Manor, Inc. v. Eck, 358 So.2d 585 (Fla. 2d DCA 1978); Rice v. White, 147 So.2d 204 (Fla. 1st DCA 1962).
[2] After a temporary injunction is issued, the result is one of three alternatives. (1) If the plaintiff, after final hearing, establishes a case for injunction, the temporary injunction is made permanent. (2) If the plaintiff fails to establish a proper case for injunction then, of course, the temporary injunction should not have issued. (3) If for some intervening event not related to the merits of the asserted cause of action (i.e., a hurricane blows over the oak tree the plaintiff sought an injunction to prevent the defendant from cutting), the cause may be dismissed as moot or otherwise but there is no need to adjudicate that the temporary injunction was improperly issued or to dissolve it.