678 So.2d 528 (1996)
HOLIDAY INNS, INC., f/k/a Holiday Inns of America, Inc., Petitioner,
v.
CITY OF JACKSONVILLE, Respondent.
No. 96-210.
District Court of Appeal of Florida, First District.
September 4, 1996.
Christine Rieger Milton and Kenneth A. Tomchin, Jacksonville, for petitioner.
Fred D. Franklin, Jr., General Counsel; Edward C. Tannen, Assistant General Counsel, Jacksonville, for respondent.
Robert C. Gobelman, Gobelman and Love, Jacksonville, for intervenor.
WOLF, Judge.
Petitioner, Holiday Inns, Inc., files a petition for writ of certiorari to review a circuit court opinion upholding a final order of the City of Jacksonville Municipal Code Enforcement Board (board) which determined that petitioner was in violation of section 420.105(f) of the Jacksonville Ordinance Code. The petitioner raises several issues, one of which has merit: Whether the doctrine of collateral estoppel applies to bar the city from relitigating the issue of who was responsible for the violation of the city code existing on the property. We grant the petition.
On September 1, 1967, Holiday Inns leased unimproved property from Fernandina Contractors, Inc. Sam Spevak, intervenor in this case, was the president of Fernandina Contractors.[1] The lease agreement between Fernandina Contractors and Holiday Inns, *529 Inc. was for a period of 99 years, with the lease to expire in the year 2066, on the property located at 881 Golfair Boulevard, Jacksonville, Duval County, Florida. In 1967, the petitioner, Holiday Inns, built a hotel on the property and operated it as a Holiday Inn until 1976. On December 13, 1976, Holiday Inns assigned all rights in the lease to WMR, Inc. There were several subsequent assignees following WMR, Inc. The last assignee in the series of assignments, was in possession of the property until October 13, 1993. That company is now defunct. The hotel has been abandoned since that date and eventually deteriorated to its current state of disrepair. As a result of the deteriorated state of the building, the city of Jacksonville issued a statement of violation and request for hearing before the Municipal Code Enforcement Board of the City of Jacksonville, which named Spevak, Holiday Inns, and all of the assignees as respondents. The statement of violation was dated July 29, 1994, and was issued pursuant to an affidavit of inspections of the property submitted by Dennis Wilson for inspections conducted on April 15, 1994.
A hearing was held on September 19, 1994. Following the hearing, the board found that Spevak was the owner of the property and ordered him to correct the property's faulty fire suppression stand pipe system found to be creating a hazardous condition due to a leaking check valve at the stand pipe connection, in violation of section 420.105(f) of the Jacksonville Ordinance code.
Upon continued noncompliance, the city issued on April 18, 1995, a second statement of violation and a request for hearing for only Spevak and Holiday Inns, without the assignees. This subsequent notice of violation was identical to the first except that it was issued only to Spevak and Holiday Inns. The notice was for a May 15, 1995, hearing.
On May 26, 1995, following the May 15th hearing, the board found that Holiday Inns was the owner of the building and ordered it to comply with section 420.105(f). Holiday Inns appealed the board's decision to the Duval County Circuit Court, arguing (1) Holiday Inns' lack of ownership of the property rendered it not responsible to correct problems associated with the property as a matter of law, and (2) res judicata and collateral estoppel barred the board from finding Holiday Inns to be the owner, and thus, liable for the violations. The circuit court affirmed the board's order against Holiday Inns, Inc. Holiday Inns now petitions this court for an order to quash the Opinion on Appeal of the Duval Circuit Court, reverse the board's second order, and rule that Holiday Inns as a matter of law is not liable to correct the violations or to bring the property into compliance under section 420.105(f) of the Jacksonville Ordinance Code.
Section 420.106(b) of the Jacksonville Ordinance Code, which imposes liability for code violations, states in pertinent part,
If buildings or other premises are owned by one person and occupied by another under lease or otherwise, the order issued in connection with the enforcing of this code shall apply to the occupant thereof, except where the rules or orders require the making of additions to or changes in the premises themselves, such as would immediately become real estate and be the property of the owner of the premises. In these cases, the rules or orders shall affect the owner and not the occupant unless it is otherwise agreed between the owner and the occupant.
(Emphasis added).
The purpose of both code enforcement proceedings was to determine who was liable for the code violations pursuant to the Jacksonville city ordinance. At the first hearing, Spevak was found to be liable. No liability was imposed on Holiday Inns.
Res judicata (and collateral estoppel) "is applicable to rulings or decisions of administrative bodies ... unless it can be shown that since the earlier ruling thereon there has been a substantial change of circumstances relating to the subject matter with which the ruling was concerned sufficient to promote or prompt a different or contrary determination." Metropolitan Dade County Board of County Comm'rs v. Rockmatt, 231 So.2d 41, 44 (Fla. 3d DCA 1970). The second hearing pertained to the same violations on the same piece of property, *530 and there had been no substantial change in the parties' legal status as to the subject property prior to the second hearing before the code enforcement board.[2] Under these facts, we find that the board was without power to reverse its previous determination concerning liability.[3]
The petition for certiorari is granted, and the decision of the trial court affirming the order of the code enforcement board is quashed. We remand to the trial court for entry of an order reversing the board's decision.
JOANOS and VAN NORTWICK, JJ., concur.
NOTES
[1] In the amendment to the lease, Sam Spevak was identified as the president of Fernandina Contractors, Inc. The document was dated May 29, 1968. The Opinion on Appeal states that the record disclosed that "on January 3, 1973, the ground lease on the premises was assigned to Spevak by Fernandina Properties." In the petitioner's reply in support of the petition for writ of certiorari, it is also mentioned that Fernandina Contractors' interests in the lease were assigned to Sam Spevak on January 3, 1973.
[2] While the city correctly contends that pursuant to § 420.115(c) each day the violation existed constituted a separate offense this is irrelevant to the board's determination as to who is liable for correcting the particular violation which existed.
[3] The city candidly concedes that while they did not seek a rehearing or appeal the previous order that the second proceeding was brought to correct a mistake of law made by the board in that order.