829 So.2d 963 (2002)
BACARDI U.S.A., INC. and MHW, Ltd., Appellants,
v.
GALLO WINE DISTRIBUTORS, LLC d/b/a Premier Wines & Spirits, Inc., Appellee.
No. 3D02-1699.
District Court of Appeal of Florida, Third District.
October 30, 2002.
Rehearing Denied November 20, 2002.
*964 Hunton & Williams and Marty Steinberg and Thomas R. Julin, Miami; Holland & Knight and Daniel S. Pearson, Miami, for Bacardi U.S.A., Inc.; Zuckerman Spaeder and Daniel S. Gelber and Walter J. Tache, Miami, for MHW, Ltd.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel S. Perwin, Miami; Jenner & Block and Chester T. Kamin and Terri L. Mascherin and Eric A. Sacks (Chicago), for Gallo Wine Distributors d/b/a Premier Wines & Spirits, Inc.
Before SCHWARTZ, C.J., and RAMIREZ, J., and NESBITT, Senior Judge.
SCHWARTZ, Chief Judge.
This is an appeal from a temporary injunction which mandatorily enforced an alleged oral agreement concerning the New York State rights to distribute certain brands of liquor manufactured by the appellant Bacardi. Assuming the dubious proposition that the finding below that the purported contract even existed may be upheld, we conclude as a matter of law that the "agreement" was (a) so indefinite in its terms as to be legally unenforceable, see Eclipse Medical, Inc. v. American Hydro-Surgical Instruments, Inc., No.96-8532-Civ-Ryskamp, 1999 WL 181412 (S.D.Fla. Jan.20, 1999)(unpublished), aff'd, 235 F.3d 1344 (11th Cir.2000)(table); Dreyfuss v. Dreyfuss, 701 So.2d 437 (Fla. 3d DCA 1997); Shay v. First Fed'l, Inc., 429 So.2d 64 (Fla. 3d DCA 1983); Smith v. Smith, 375 So.2d 1138 (Fla. 3d DCA 1979); (b) invalidly contrary to New York law, which forbids the alleged contracting party, Bacardi, from entering into such a contract, see also New York Alcoholic Beverage Control Law § 99 b(j)(McKinney 2002); and (c) superseded by a later, totally inconsistent written agreement dealing with the same subject matter. Eclipse, and cases cited; Azar v. Richardson Greenshields Securities, Inc., 528 So.2d 1266 (Fla. 2d DCA 1988). Furthermore, there was no showing that any alleged harm could not be fully compensated by an award of damages. See Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70 (2d Cir.1979); Paradise Distribs. v. Evansville Brewing Co., Inc., 906 F.Supp. 619 (N.D.Okla.1995); Jacksonville Electric Authority v. Beemik Builders, 487 So.2d 372 (Fla. 1st DCA 1986).
Thus, of the legal prerequisites to the appropriate issuance of a temporary injunctionsubstantial likelihood of success on the merits, Bradley v. Health Coalition, Inc., 687 So.2d 329 (Fla. 3d DCA 1997); *965 City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So.2d 750 (Fla. 1st DCA 1994), approved, 659 So.2d 1046 (Fla. 1995), absence of an adequate remedy at law, DeLeon v. Aerochago, S.A., 593 So.2d 558 (Fla. 3d DCA 1992), existence of irreparable injury in the absence of injunctive relief, DeLeon, and non-disservice of the public interest; Smith Barney Shearson, Inc. v. Berman, 678 So.2d 376 (Fla. 3d DCA 1996)not a single one exists on this record. It follows that the injunctive order below is reversed and the cause remanded with directions to deny that relief.
Reversed and remanded.