830 So.2d 256 (2002)
JEFFERIES & COMPANY, INC., Appellant,
v.
INTERNATIONAL ASSETS HOLDING CORP., et al., Appellee.
No. 5D02-1136.
District Court of Appeal of Florida, Fifth District.
November 15, 2002.
*257 Keith Olin and Erik W. Scharf of Morgan, Lewis & Bockius LLP, Miami, for Appellant.
Tucker H. Byrd and Gregory W. Herbert of Greenberg Traurig, P. A., Orlando, and Steven M. Felsenstein of Greenberg Traurig, Philadelphia, PA, for Appellee.
ORFINGER, R. B., J.
Jefferies & Company, Inc. appeals an order denying its motion to dissolve a temporary injunction entered without notice, prohibiting Jefferies from making markets in international stocks through the electronic pink sheets system. Jefferies contends that the circuit court erred when it denied its motion to dissolve the injunction despite finding that plaintiffs, International Assets Holding Corp., and Intltrader.com, Inc. (collectively "IAHC"), failed to establish the likelihood of irreparable injury and the lack of an adequate remedy at *258 law. We agree and quash the order on review.
IAHC filed a verified complaint and a motion for temporary injunction without notice, asking the court to enjoin Jefferies from making markets in international stocks through the electronic pink sheets system. The complaint alleged that Jefferies misappropriated trade secrets from IAHC and then used those secrets to establish a competing business. Based on the verified complaint, the court, without notice, enjoined Jefferies from conducting its trading activities and set the bond at $50,000. Several days later, Jefferies moved to dissolve the temporary injunction pursuant to Florida Rule of Civil Procedure 1.160(d). After hearing from both sides, the circuit court concluded that IAHC had failed to demonstrate the likelihood it would sustain irreparable harm and that it lacked an adequate remedy at law, both necessary prerequisites to the entry of a temporary injunction. The trial court indicated its intention to dissolve the injunction, but then reversed itself when Jefferies's counsel requested that the injunction bond be held to allow Jefferies the opportunity to seek any damages it sustained as a result of the wrongfully issued temporary injunction.
In announcing its ruling, the court said:
THE COURT: First, the Court finds that entry of the temporary injunction without notice was not a wrongful entry. And the Court would support its decision for entering that, based on what was presented to the Court at that time.
However, based on the additional information and evidence shown by the defendant today, the Court finds that it would be more appropriate to vacate the temporary injunction issued without notice.
That leaves us in a posture where the plaintiff has sued for damages in this action for breach of the agreement in Count Two for damages, for that would occur before the entry of the temporary injunction.
Starting from, I guess, the date the defendant started this model business that it's doing, that's an issue that could be litigated. The Court finds that damages, if appropriate, could be determined.
* * *
However, in the Court's ruling that was vacated today, the Court is finding that the defendant has a substantial net worth apparently, and certainly any damages that would be incurred would be collectible.
So I think there is some substance to Counsel's argument that there's not irreparable damage and that the law could provide plaintiff his remedy in the long run.
* * *
MR. OLIN: [counsel for Jefferies] Judge, I'm going to ask that your ruling be transcribed so I can put together an appropriate order. It's clear in the meantime that we can engage in [trading] activities starting tomorrow?
THE COURT: That's correct.
* * *
MR. OLIN: Sorry, Judge, I may need to deal with it. When you say the bond is released, the case law says that if a motion to dissolve an injunction is granted, then the aggrieved party is entitled to their damages at least to the extent of the bond. It can't go beyond the bond.
THE COURT: Part of the Court's finding was that it was not wrongful to start. Do you want me to reverse my ruling and change my rulings?
*259 MR. OLIN: I'm sorryyou will?
THE COURT: My ruling was all of one piece. My ruling started out by saying there was no wrongful entry of the temporary injunction without notice. Therefore, there's no damage. The Court is releasing the bond.
MR. OLIN: Well, Your Honor, can I ask you to at least hold the bond rather than release it, pending some further briefing on that point? Maybe some further discussion with Mr. Byrd [counsel for IAHC] on that point as well.
I guess what I'm saying is I'm not asking you to order it paid to me.
THE COURT: You can have it one way or the other.
The Court's prepared to rule the other way, Counsel, based on my initial finding that the initial injunction without notice was not wrongfully entered. So I'll strike everything I said and continue the temporary injunction.
MR. OLIN: I head what you're saying
THE COURT: Let me go ahead and change my ruling that's
MR. OLIN: Sorry.
THE COURT: I'm going to continue the temporary injunction and bond to stay in place. So prepare an order along those lines, Counsel.
MR. OLIN: Judge, excuse me if I may, you've already said at the very least you found it was not irreparable injury.
THE COURT: Like you said, Counsel, everything that happens here today can be changed. The Court's finding now is that the temporary injunction will remain in place as stated, and I deny your motion to dissolve.
A temporary injunction may only be entered if the party seeking the injunction establishes: 1) the likelihood of irreparable harm; 2) the unavailability of an adequate remedy at law; 3) a substantial likelihood of success on the merits; and 4) considerations of the public interest. Rollins, Inc. v. Parker, 755 So.2d 839, 841 (Fla. 5th DCA 2000). Here, the record demonstrates that the trial court's initial ruling that IAHC failed to demonstrate that it would likely suffer irreparable harm and lacked an adequate remedy at law was correct.
In concluding that the injunction should be dissolved, we do not suggest that the court erred when it entered the injunction. IAHC's verified complaint arguably establishes the prerequisites to support the issuance of the initial ex parte order. That the court later concluded, upon hearing "the other side of the story," that the legal prerequisites for the issuance of an injunction did not exist, does not equate to judicial error. Nonetheless, the injunction was wrongfully issued in a legal sense.
A party against whom an injunction has been wrongfully issued is entitled to damages resulting therefrom. The dissolution of a temporary injunction on the merits constitutes an adjudication that it was wrongfully issued. Shea v. Cent. Diagnostic Servs., Inc., 552 So.2d 344, 346 (Fla. 5th DCA 1989). "The law is clear that a defendant is entitled to any damages sustained by him as a result of a wrongfully issued temporary injunction after the trial court, as here, dissolves the temporary injunction based on the claim of wrongful issuance...." Lake Worth Broad. Corp. v. Hispanic Broad., Inc., 495 So.2d 1234, 1234 (Fla. 3d DCA 1986).
Because we conclude the trial court's initial ruling was correct, we quash the order denying Jefferies's motion to dissolve the temporary injunction and remand this matter to the circuit court with directions that it dissolve the temporary injunction *260 but retain the injunction bond to allow Jefferies the opportunity to seek any damages it can prove were sustained as a result of the wrongfully issued temporary injunction.
ORDER QUASHED AND REMANDED.
SHARP, W. and HARRIS, JJ., concur.