905 So.2d 213 (2005)
MIAMI-DADE COUNTY, Appellant,
v.
Jose Luis FERNANDEZ, Appellee.
Miami-Dade County, Appellant,
v.
Rogerio Marzan and Beatriz Marzan, Appellees.
Miami-Dade County, Appellant,
v.
Mildred Houdayer, Appellee.
Nos. 3D04-2842, 3D04-2837, 3D04-2833.
District Court of Appeal of Florida, Third District.
May 11, 2005.
*214 Robert A. Ginsburg, Miami-Dade County Attorney, and Thomas H. Robertson, Assistant County Attorney, for appellant.
Neil Rose, Hollywood; and Joaquin N. Fernandez, Tavernier, for appellees.
Before SHEPHERD and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
*215 SHEPHERD, J.
Miami-Dade County appeals a non-final order of the circuit court denying its motion for a temporary injunction to enjoin Jose Luis Fernandez, Rogerio and Beatriz Marzan, and Mildred Houdayer from continuing to violate section 33-8 of the Miami-Dade County Zoning Code. We have jurisdiction, Art. V, § 4(b)(1) of the Florida Constitution and Florida Rule of Appellate Procedure 9.130(a)(3)(B).

I. FACTS
The appellees are landowners in Southwest Miami-Dade County, in an area commonly known as "horse country." For many years, appellees have conducted a commercial, for-profit party business on their respective premises. In July 2001, a neighbor complained to the county that the appellees' party businesses created excessive noise and automobile traffic in the neighborhood. Appellees' properties are located in a zoning district designated as "AU, Agriculture." The primary land uses permitted in this district are agricultural and limited residential use. § 33-279, Miami-Dade County Code. Nowhere does the zoning code authorize appellees to offer or use their properties as commercial party locations in a district so zoned; nor do the landowners have the certificate of use to conduct these businesses as required by section 33-8 of the code. In fact, the landowners are all presently seeking zoning variances to conduct their businesses. See § 33-13, Miami-Dade County Code.
Prior to the initiation of the action which led to this appeal, the county cited the appellees for violating section 33-13. Subpart (e) of that section prohibits "unusual and new uses" of land without a public hearing and subsequent approval. An administrative hearing officer found the landowners guilty of violating section 33-13. However, in March 2004 that finding was reversed by the circuit court appellate division on the legal ground that the conclusion of the hearing officer was not supported by competent substantial evidence. The county did not seek review of that decision in this court. Rather, the county elected to prosecute the instant action, which it had filed in the circuit court civil division just two months prior to the decision of the circuit court appellate division. Unlike the earlier action, the instant action seeks injunctive relief on the totally separate ground that the landowners stood in violation of section 33-8 for failure to have a proper "certificate of use." On October 7, 2004, the trial court heard and denied the county's motion for a preliminary injunction. This appeal followed.

II. DISCUSSION
Generally speaking, "[a] temporary injunction should only be granted where there is a showing of (1) the likelihood of irreparable harm and the unavailability of an adequate remedy at law, (2) a substantial likelihood of success on the merits, (3) that the threatened injury to petitioner outweigh any possible harm to the respondent, and (4) that the granting of the preliminary injunction will not disserve the public interest." Cosmic Corp. v. Miami-Dade County, 706 So.2d 347, 348 (Fla. 3d DCA 1998). However, this showing is relaxed when an injunction is sought by a governmental entity to enforce its police powers. In such circumstances the municipality need not come forth with proof to show irreparable harm or lack of an alternate legal remedy. Metro. Dade County v. O'Brien, 660 So.2d 364, 365 (Fla. 3d DCA 1995) ("[w]here the government seeks an injunction in order to enforce its police power, any alternative legal remedy is ignored and irreparable harm is presumed"). See also Keystone Creations, Inc. v. City of Delray Beach, 890 So.2d *216 1119, 1124 (Fla. 4th DCA 2004); Dade County v. Dunn, 693 So.2d 1035, 1037 (Fla. 3d DCA 1997).
In O'Brien, we were faced with a very similar case to that which is now before us. There, James and Ronda O'Brien established a business without complying with various county ordinances or securing the necessary permits. The county sued the O'Briens, requesting a preliminary injunction. The trial court denied the county's request and gave the O'Briens time to secure a variance. When they failed to do so during the first respite from enforcement, the trial court gave the O'Briens additional time. The county appealed the denials. We reversed and directed the trial court to issue the injunction. In so doing, we stated:
Here, the O'Briens began a business without complying with the county code, were aware of their violations, and continue to violate county ordinances. Under these extreme circumstances, the trial court abused its discretion because the government has a clear legal right to relief.
O'Brien, 660 So.2d at 364. Similarly, in this case the appellees admit that they have been operating a business without complying with the county code. The county has a substantial likelihood of success on the merits in this case. Moreover, the county and its citizens have a clear public interest in compliance with the county's ordinances and city zoning plan. On these facts, we conclude that the county has met its burden for the issuance of a temporary injunction and that the trial court abused its discretion by denying the motion. See P.M. Realty & Invs. v. City of Tampa, 779 So.2d 404 (Fla. 2d DCA 2000).
The landowners nevertheless contend that the county's clear right to relief is barred on principles of laches, res judicata and collateral estoppel. We find the landowners' laches defense to be devoid of merit. "Laches is an omission to assert a right for an unreasonable [] length of time, under circumstances prejudicial to the adverse party." Ticktin v. Kearin, 807 So.2d 659, 663 (Fla. 3d DCA 2001). The landowners have not demonstrated that the county has sat on its rights. To the contrary, the county has sought to remediate the unlawful activities of these landowners since at least July 2001. The fact that the landowners have been seeking variances to engage in the prohibited activity, as yet without success, further suggests that the county has not sat on its rights.
The defenses of res judicata and collateral estoppel are equally unavailing. On these defenses, the landowners argue that the March 2004 decision of the circuit court appellate division, holding that the county failed to provide sufficient evidence to support a violation of section 33-13, bars the county from seeking injunctive relief to enjoin future and continuing violations of section 33-8. We reject this argument for two reasons.
First, sections 33-13 and 33-8 are separate provisions of the Miami-Dade County Zoning Code that prohibit distinct conduct. Section 33-13 prohibits a myriad of uses, including amusement centers, carnivals, circuses, day camps and pony rides absent a public hearing and subsequent approval. Section 33-8, on the other hand, commands that a landowner obtain a certificate of use from the county before making a "new use" of any land. No public hearing is necessary. At no point did the administrative hearing officer or the circuit court appellate division consider or make any findings relating to section 33-8 or the failure of the landowners to have certificates of use to operate a party business on their premises. Therefore, there *217 is no prior decision that could possibly have a binding effect on this injunction. See Holiday Inns, Inc. v. City of Jacksonville, 678 So.2d 528, 529-30 (Fla. 1st DCA 1996) (applying res judicata when "[t]he second hearing pertained to the same violations on the same piece of property...").
Secondly, when the county cited the landowners for violating section 33-13 of the county code, it was necessarily focusing on past conduct. By seeking an injunction, the county is now seeking to enjoin future violations of the code. Until the landowners obtain the appropriate certificates of use, they will continue to violate the code. § 33-39, Miami-Dade County Code ("[e]ach day of violation or noncompliance shall constitute a separate offense"); see also Holiday Inns, 678 So.2d at 529; Univ. of Miami v. Zepeda, 674 So.2d 765 (Fla. 3d DCA 1996) (applying res judicata where an administrative agency acted in a judicial capacity and resolved disputed issues of fact). As O'Brien makes clear, the county is permitted to enjoin such unlawful conduct.
The landowners finally complain that the local government bureaucracy has not acted quickly enough on their pending variance applications as a way of excusing their unlawful conduct. Although we are not unsympathetic to the landowners' wayward journey through the labyrinth that is zoning law, such frustration is no defense when the county establishes a clear legal right to relief. Accordingly, we vacate the order of the circuit court and remand for entry of a temporary injunction.
Reversed and remanded with directions.