995 So.2d 1166 (2008)
The HAVEN CENTER, INC., Petitioner,
v.
Homero MERUELO, Respondent.
No. 3D08-2247.
District Court of Appeal of Florida, Third District.
December 10, 2008.
Kurzban, Kurzban, Weinger & Tetzeli, Steven M. Weinger and Helena M. Tetzeli, Miami, for petitioner.
Ross & Girten and Lauri Waldman Ross, Miami; Gonzalo Dorta, Miami, for respondent.
Before SHEPHERD, CORTIÑAS, and SALTER, JJ.
PER CURIAM.
The Haven Center, Inc. seeks a writ of certiorari to quash a circuit court order directing the clerk of that court to release a $1,000,000 lis pendens surety bond posted by Homero Meruelo. Because the express conditions for release of the bond were not satisfied, and because Haven Center was not afforded an opportunity to prove damages recoverable under the bond, we grant the writ and quash the trial court's order.

The Lis Pendens and Bond
Haven Center, as seller, and Meruelo, as buyer, entered into a contract in 2004 for the sale of approximately 21 acres of Haven Center's property for $10.5 million. Following various modification agreements, negotiations, and attempts to lift restrictions on the property, Meruelo sued Haven Center in 2005 for declaratory relief, equitable estoppel, reformation, and enforcement of the contract. Meruelo *1167 filed a lis pendens, duly recorded in the public records, at the time the complaint was filed.
Haven Center moved to dissolve the lis pendens or, in the alternative, to require Meruelo to post a lis pendens bond to cover damages, if any, caused by the wrongful imposition of the lis pendens. In early 2006, the trial court denied the motion to dissolve the lis pendens and required Meruelo to post a $1,000,000 lis pendens surety bond. Meruelo promptly filed an approved form of bond joined by American Contractors Indemnity Company as surety.
The pertinent conditions of the bond were "that if [Meruelo] shall pay all costs and damages that [Haven Center] sustains in consequence of [Meruelo] improperly suing out the Notice of Lis Pendens in this action, then this bond is void; otherwise to remain in force and effect." In 2007, the trial court granted Meruelo's motion to extend the lis pendens, with the bond to remain in effect, and found that the existing bond of $1,000,000 would continue to be sufficient.
In 2008, Meruelo moved for leave to "relinquish" the lis pendens and for a discharge of the bond, alleging that "there is no need for a bond" as a result of the voluntary release of the lis pendens. The trial court heard the motion at 6:45 p.m. following a day of trial in an unrelated matter. According to the docket, the notice was filed the day before the hearing. The trial court considered memoranda submitted by the parties and legal argument, but did not consider evidence. Finding no authority "to require the continued condition of a bond once the lis pendens is discharged," the trial court granted the motion for discharge of the bond.

Analysis
When, as here, a law suit involving real property is not based on a duly recorded instrument or on a statutory mechanic's lien, the control and discharge of a lis pendens is governed by the law applicable to injunctions. See § 48.23(3), Fla. Stat. (2005). Because the lis pendens clouds title by alerting the public to the fact that there are conflicting interests in the property, the property owner may suffer damages as a result of a lis pendens recorded by a claimant who does not prevail in the lawsuit. The lis pendens bond protects the property owner just as the lis pendens itself protects the claimant and the public. S & T Builders v. Globe Props., Inc., 944 So.2d 302, 304 (Fla.2006) (citing Chiusolo v. Kennedy, 614 So.2d 491, 493 (Fla. 1993)).
In this case, the lis pendens was a matter of record and a cloud on Haven Center's title from 2005 through August 2008. The discharge of the lis pendens did not, however, satisfy the two express conditions for discharge of the bond. First, the underlying lawsuit had not been tried at that point, and there was thus no determination whether Meruelo improperly recorded a lis pendens. Second, Haven Center had not been afforded an opportunity to prove its "costs and damages sustained" as a result of the lis pendens during the period the lis pendens was a matter of record. The lis pendens bond contains no provision making it dependent upon the continued effectiveness or term of the lis pendens; nor does section 48.23 or Florida case law provide that the voluntary release of the lis pendens automatically entitles the claimant to the discharge of the lis pendens bond.
The same attention to the conditions of the bond applies in the case of an injunction. When an injunction is lifted, the bond is not discharged without more. The defendant (bond obligee) retains "the opportunity *1168 and right to seek recourse for any damages resulting from the issuance of the temporary injunction," and "[t]his right should not be denied." Shea v. Cent. Diagnostic Servs., Inc., 552 So.2d 344, 346 (Fla. 5th DCA 1989) (striking provision releasing injunction bond) (citing Lake Worth Broad. Corp. v. Hispanic Broad., Inc., 495 So.2d 1234 (Fla. 3d DCA 1986)). In Shea, as in this case, the bond should not have been discharged until (1) the trial court determined whether the claimant prevailed regarding its alleged interests in the property, thereby demonstrating that the lis pendens was properly recorded, and (2) if not, the property owner was provided an opportunity to prove up its damages caused by the lis pendens during the period the lis pendens was among the public records.
Proof of such damages ordinarily requires appraisal testimony or other evidence regarding a drop in market value, or lost opportunities for a sale above a later market value, between the time the lis pendens was recorded and the time it was lifted. See Haisfield v. ACP Fla. Holdings, Inc., 629 So.2d 963 (Fla. 4th DCA 1993).
Writ granted; order discharging lis pendens bond quashed.