LAGOA, Judge.
Biscayne Park, LLC, (“Biscayne”) appeals from an order granting Wal-Mart Stores East, LP’s, (“Wal-Mart”) verified motion for temporary injunction. Because we find that the prerequisites for the issuance of a temporary injunction were not established below, we reverse the December 15, 2008 order.[1]
I. FACTUAL AND PROCEDURAL HISTORY
Biscayne is the owner of a sixteen acre tract of land located in the Village of El Portal (the “property”). Biscayne purchased the property at a public auction without knowledge that the property had previously sustained widespread environmental impact.
In March 2007, Wal-Mart began negotiations with Biscayne to purchase the property. The parties entered into a purchase agreement that permitted Wal-Mart to conduct due diligence inspections on the property and to terminate the agreement prior to closing if, as a result of the inspections, Wal-Mart did not wish to purchase the property. As part of the inspections, Wal-Mart installed ground water monitoring wells on the property.
In October, 2007, Wal-Mart terminated the purchase agreement. The wells, however, remained on the property. Biscayne subsequently began negotiations with another potential buyer, Interra Development Corporation (“Interra”). As a result of the negotiations, Biscayne agreed to permit Interra to use the wells on the property to conduct its own due diligence. Wal-Mart, however, became concerned about its potential liability resulting from this use of the wells that it had previously installed. As a result, Wal-Mart commenced negotiations with Biscayne regarding an indemnification and release agreement, and proposed that Biscayne pay for Wal-Mart’s costs related to the installation *26 of the wells. Biseayne rejected Wal-Mart’s proposal, and informed Wal-Mart that it considered the wells permanent fixtures attached to the property that belonged to Biseayne.
In November 2008, Wal-Mart filed a complaint against Biseayne for declaratory and injunctive relief, and a verified motion for temporary injunction. Wal-Mart’s verified motion requested an order allowing entry onto the property for the purpose of filling and capping the wells. At the time, Biseayne was using the wells in its effort to remediate the property as required by a local environmental regulatory agency.
On December 15, 2008, the trial court entered an order granting Wal-Mart’s motion for a temporary injunction. The trial court gave Biseayne two options: 1) allow Wal-Mart to “abandon and seal” the wells; or 2) purchase a six-month insurance policy insuring Wal-Mart with respect to the wells in the amount of $20,000,000. Biscayne filed a motion for reconsideration, which the trial court denied, and this appeal ensued. Wal-Mart subsequently posted a $230,000 bond and, during the week of January 12, 2009, entered the property and sealed the wells.
II. ANALYSIS
On appeal, Biseayne asserts that the trial court erred in issuing the temporary injunction.[2] We agree. “The standard for determining whether an injunction was wrongfully issued is simply whether the petitioning party was unenti-tled to injunctive relief.” Parker Tampa Two, Inc. v. Somerset Dev. Corp., 544 So.2d 1018, 1021-22 (Fla.1989). The well-established requirements for the issuance of a temporary injunction are: (1) the likelihood of irreparable harm and the unavailability of an adequate remedy at law; (2) a substantial likelihood of success on the merits; (3) that the threatened injury to the petitioner outweighs any possible harm to the respondent; and, (4) the entry of the injunction will not disserve the public interest. See Angelino v. Santa Barbara Enters., LLC, 2 So.3d 1100 (Fla. 3d DCA 2009); Miami-Dade County v. Fernandez, 905 So.2d 213 (Fla. 3d DCA 2005). Moreover, a temporary injunction “should be granted only sparingly and only after the moving party has alleged and proved facts entitling it to relief.” Morgan v. Herff Jones, Inc., 883 So.2d 309, 313 (Fla. 2d DCA 2004).
With respect to the first requirement, Wal-Mart has not demonstrated irreparable injury, and the unavailability of an adequate remedy at law. A review of the proceedings below demonstrates that Wal-Mart’s alleged injury was its possible monetary liability resulting from possible future contamination to groundwater through the wells. “[T]his court has previously held that the granting of injunctive relief is improper when a plaintiffs right to recover is based upon a future event,” Oxford Int’l Bank & Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54, 56 (Fla. 3d DCA 1979); in this case, the future event is the possible future contamination of the groundwater through the wells. Because the alleged injury is speculative, we conclude that it is insufficient to meet the irreparable injury standard. See Jacksonville Elec. Auth. v. Beemik Builders & Constructors, Inc., 487 So.2d 372, 373 (Fla. 1st DCA 1986) (“Irreparable injury will never be found where the injury complained of is ‘doubtful, eventual, or contingent.’ ” (quoting First Nat’l Bank in St. Petersburg v. Ferris, 156 *27 So.2d 421, 424 (Fla. 2d DCA 1963))). Additionally, in the event that such an alleged event were to occur, Wal-Mart would have an adequate remedy at law, i.e., a claim for money damages. See Bacardi U.S.A., Inc. v. Gallo Wine Distribs., LLC, 829 So.2d 963, 964 (Fla. 3d DCA 2002). Because we conclude that Wal-Mart failed to satisfy the first requirement for the issuance of an injunction, it is unnecessary for us to comment on the remaining requirements.
Accordingly, for the reasons stated, we conclude that the trial court erred in issuing the injunction, and reverse the December 15, 2008 order entered below. Moreover, because the wells on Biscayne’s property were destroyed following the entry of an improper injunction, on remand Biscayne can proceed against Wal-Mart’s posted bond on its claim for damages. See Jefferies & Co. v. Int’l Assets Holding Corp., 830 So.2d 256 (Fla. 5th DCA 2002); Shea v. Cent. Diagnostic Servs., Inc., 552 So.2d 344 (Fla. 5th DCA 1989).
Reversed and remanded.

. We do not address the remaining points raised on appeal.

. This Court notes that the issuance of the "temporary” injunction was in fact in effect a "permanent” injunction as the wells were permanently sealed.