# Third District Court of Appeal

## State of Florida

Opinion filed July 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1529
Lower Tribunal No. 24-9353-CA-01
_____

**Edgar Andraus, et al.,**
Appellants,

vs.

**RP I-Drive LLC, etc., et al.,**
Appellees.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Shutts & Bowen LLP, Aliette D. Rodz, Julissa Rodriguez, and Eduardo De La Pena Bernal, for appellants.

Winston & Strawn LLP, David A. Coulson, Craig V. Rasile, and Megan Casserlie; Kula & Associates, P.A. and Elliot B. Kula, for appellees, RP I-Drive, LLC and RP I-Drive Manager, LLC; The Savage Law Group, P.A. and George S. Savage, for appellees, Rodrigo Enrique Azpúrua and Dania Carmela Azpúrua.

Before FERNANDEZ, LINDSEY and BOKOR, JJ.

PER CURIAM.

Edgar Andraus, et al., appeal the trial court's orders denying their motion to appoint a receiver, to reopen evidence and to enter a temporary injunction. We review these orders for abuse of discretion. Planned Parenthood of Greater Orlando, Inc. v. MMB Properties, 211 So. 3d 918, 926 (Fla. 2017); Arison Shipping Co. v. Klosters Rederi A/S, 259 So. 2d 784, 787 (Fla. 3d DCA 1972) ("[T]he findings of a court of equity come to an appellate court clothed with a presumption of correctness, and the decision to appoint a receiver will be overturned only upon a showing of an abuse of discretion.").

Following review of the record, we conclude that the trial court's detailed, well-reasoned orders reflect careful consideration of Florida law and are factually supported by competent, substantial evidence. We find no abuse of discretion. See First Nat'l Bank in St. Petersburg v. Ferris, 156 So. 2d 421, 424 (Fla. 2d DCA 1963) ("If [an] injury complained of is doubtful, eventual, or contingent, injunctive relief will not be afforded."); Biscayne Park, LLC v. Wal-Mart Stores East, LP, 34 So. 3d 24, 26-27 (Fla. 3d DCA 2010) (mere "speculative" harm is "insufficient to meet the irreparable injury standard"); Paul's Drugs, Inc. v. S. Bell Tel. & Tel. Co., 175 So. 2d 203, 206 (Fla. 3d DCA 1965) (requiring "that a showing be made that there is a reasonable probability (as distinguished from a bare possibility) that such damage will be sustained"); Sunshine State Reg'l Ctr., Inc. v. Jaddou, No.

0:23-CV-60795-JEM, 2023 WL 3712916, at *15 n.9 (S.D. Fla. May 25, 2023) (denying preliminary injunction where the plaintiff "failed to show that it will suffer irreparable injury absent a preliminary injunction," citing the defendant's argument that immigration status "is an administrative process that is still ongoing and in flux," therefore "the alleged injury is speculative and insufficient for purposes of the irreparable harm analysis" (quotations omitted)); Kabykenov v. United States Citizenship & Immigration Services, No. SACV17535DOCDFMX, 2017 WL 11632293, at *4 (C.D. Cal. June 1, 2017) (determining that a claim was unripe, as "the harm [was] highly speculative because Plaintiff ha[d] not presented any evidence that USCIS will wrongfully deny Plaintiff's . . . application"); Sakthivel v. Jaddou, No. 21-1207, 2023 WL 2888565, at *4 n.2 (4th Cir. Apr. 11, 2023) (rejecting appellants' argument that they would "suffer harm because USCIS *might* deny their adjustment of status petitions," as such "alleged harm is too speculative" for purposes of Article III standing requirements); Recarey v. Rader, 320 So. 2d 28, 29–30 (Fla. 3d DCA 1975) ("[T]he appointment of receiver for a going corporation is a last-resort remedy, and should not be employed when another adequate remedy is available.").

Affirmed.